### ATLANTIC TRUST CO. v. OSGOOD.

(Circuit Court, S. D. New York. July 22, 1907.)

1. REFERENCE—REPORT—REVIEW ON MOTION IN TRIAL COURT.

The practice of moving for new trials in causes in federal courts heard by referee has practically fallen into disuse since the creation of the Circuit Courts of Appeals, and, while the right to make such motions remains, the court, in considering the same, will not retry the case, nor consider any question which may be brought before the Circuit Court of Appeals by writ of error, nor will it substitute its conclusions on conflicting proofs for those of the referee.

2. SAME—ADMISSION OF IMPROPER EVIDENCE.

The admission of improper evidence on a trial before the court without a jury, or before a referee, is of no moment, and not ground for a new trial, unless such evidence was necessary to support the finding of facts.

Simpson, Thacher & Bartlett, for plaintiff.
Harmon & Mathewson, for defendant.

LACOMBE, Circuit Judge. The practice of moving for new trial in causes heard by referee has practically fallen into disuse, because, since the creation of the Circuit Courts of Appeal, it has generally become unnecessary. Nevertheless the phraseology of the rule has not been altered, and technically the right to make such motion remains. Upon such a motion the court will not retry the case (Kilduff v. Roeblings' Sons Co. [C. C.] 150 Fed. 240), nor will it consider any question which may be brought before the Court of Appeals by writ of er-

ror, nor will it substitute its conclusions on conflicting proofs for those of the referee who saw and heard the witnesses; but there are some points which it may consider and pass upon. In illustration: Defendant's brief contends that there are facts important to be found, sustained by uncontroverted proof, which the referee refuses to find. Such a matter may legitimately be considered. On the other hand, it is suggested that some evidence was "improperly admitted." The admission of improper evidence on a trial before the court without a jury, or before a referee, is a matter of no moment. The only important question is whether it was necessary to rely on such evidence for finding of facts. This practice is rarely followed now, and entails such delay in final disposition of the cause that security as on appeal should be given for the full amount.

Forty days given to make up case and exceptions as prayed. Stay in the meanwhile. Five days after entry of order to file security. If not filed within five days, stay will be vacated.