(December 21, 1895.)

## ROBINSON v. NELSON.

[43 Pac. 64.]

PARTNERSHIP ACCOUNTING—REFEREE—REFERENCE OF REPORT—JURIS-
DICTION.—Where a referee is appointed under subdivision 1, sec-
tion 4414 of the Revised Statutes, and ordered to examine all
evidence theretofore taken and reported in the cause and report
all issues, both of law and fact, and report a judgment therein
subject to the approval of the court, and the referee makes his
report and fails to find upon all issues of fact, the court may
remand the cause to the referee to bring in amended findings of
fact, covering all issues made by the pleadings without any
further consent of the parties. When a referee fails to comply
with the order of the court making the reference, the court has
authority and jurisdiction to require a strict compliance with
such order.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

George H. Stewart and W. E. Borah, for Appellants.

The entire action of the court in re-referring the matter to Mr.
Wyman was wholly without authority of law, and the judg-
ment herein rendered is based upon findings of fact and con-
clusions of law which never had any legal existence. It will be
seen that the referee was authorized to report findings of fact
and conclusions of law and judgment, and that his findings
were to cover all the issues. This being true, the report of the
referee when made and filed stood as the decision of the court.
(Idaho Rev. Stats. 1887, sec. 4420; Peabody v. Phelps, 9 Cal.
213, 225; Brady v. Brown, 20 Cal. 521; Harris v. S. T. S. R.
Co., 41 Cal. 394-405; Lyons v. Harris, 34 Iowa, 292, 34 N. W.
865; Thompson v. Patterson, 54 Cal. 542.) Upon this
decision being rendered and filed within ten days the defend-
ants moved the court to set aside the findings and grant a new
trial. This motion was filed May 4, 1892, which motion the
court had power to entertain. (Juan Capee v. Brizzolora, 19
Cal. 607; Estee's Pleadings, sec. 4726.) Findings of the referee
after filing cannot be amended or added to. (Hedley v. Reed, 2

Cal. 325; *Conklin v. Morton,* 40 Ind. 76.) The court under no circumstances would have power to refer said matter without the knowledge or consent of defendant. (*Joshua Hendy Mach. Works v. Pacific Co.,* 99 Cal. 421, 33 Pac. 1084; *Shain. v. Petersen,* 99 Cal. 486, 33 Pac. 1085 ) Findings of the referee cannot be set aside by the mere violation of the judge. (*Walker v. Campbell,* 3 Idaho, 13, 26 Pac. 123; *Goodrich v. Mayer,* 5 Cal. 430; *Bassett v. Mining Co.,* 15 Nev. 298.) After a referee, appointed to hear and determine has made his report, he is without further power except to settle a case on appeal, and the report cannot be sent back to him. (*McCready v. Farmers' Loan etc. Co.,* 79 Hun, 241, 29 N. Y. Supp. 361; *Holmes v. Evans,* 13 N. Y. Supp. 610, 37 N. Y. St. Rep. 369; *Smith v. Warner,* 14 Mich. 152.)

T. D. Cahalan and D. D. Williams, for Respondent.

There seems to be but two questions involved in this appeal, and but two discussed in appellants' brief, viz.: 1. Was the court authorized to remand the cause to the referee to find on all the issues? and 2. Are the findings of the referee supported by the evidence? The order remanding the cause to the referee does not direct him to hear any further evidence, or argument, but simply to make findings on the evidence and argument already adduced. The district courts of this state being courts of record, and of general jurisdiction, their records import absolute verity and cannot be impeached except for fraud. A judicial record cannot be contradicted by parol testimony. (*In. re Havird,* 2 Idaho, 687, 24 Pac. 542.) Affidavits cannot be received to contradict, add to or amend the record, for it imports absolute verity. (*Hoffmann v. Superior Court,* 79 Cal. 475, 21 Pac. 862.) Courts of such extended jurisdiction and grave responsibility as the district court must, from the very nature of the case, be trusted as to the fidelity of their records. (*People v. Judge,* 9 Cal. 21.) A finding by a referee on part of the issues cannot stand as the findings of the court, and before judgment can be properly entered on findings they must be upon or cover the whole issue. (Idaho Rev. Stats. 1887, sec. 4420.) The appellants did not reserve any exception to the order of reference, nor to the order remanding the cause to the

referee, and they cannot now insist that either order was error. (*Joshua Hendy Mach. Works v. Pacific Co.,* 99 Cal. 421, 33 Pac. 1084.) The case was not referred without the consent of the defendants; but, on the contrary, it was referred by agreement. In any event, the defendants having appeared before the referee without objection their objection at this time comes too. late. (*Shain v. Peterson,* 99 Cal. 486, 33 Pac. 1085.)

SULLIVAN, J.—This is an action for an accounting between partners. On the twenty-seventh day of April, 1891, by agreement of counsel, this case was referred to J. H. Wickersham to take and report the testimony; and on March 8, 1892, by agreement of parties, entered on the minutes of the court, Frank T. Wyman, Esq., was appointed referee to examine the evidence theretofore taken by J. H. Wickersham, state an account, report findings of fact and conclusions of law and report. a judgment therein, subject to the approval of the court. Thereafter on the thirtieth day of April, 1892, the referee presented his report therein, and the court, by order of that date, directed the same to be filed. On the fourth day of May, 1892, the attorneys for the defendants filed their notice of motion to set aside said report, specifying twenty-seven grounds therefor. On December 23, 1892, the court set the hearing of said motion for December 24, 1892. On the twenty-fourth day of December, 1892, the attorneys for the plaintiff made a motion to re-refer said report to the said referee, with instructions to make full and complete findings of fact upon all of the issues raised by the pleadings, from the evidence already before the referee, which motion was taken under advisement by the court on December 29, 1892. On April 19, 1893, said motion was granted. The record is silent as to the action of the court on appellants' motion to set aside the report of the referee, which was set for hearing on the 24th of December, 1892. But it is conceded that the court did not hear or decide said motion. Under said order of re-reference, the referee returned his amended report into court. It was filed April 10, 1894, and judgment thereon was duly entered on February 1, 1895. A motion for a new trial was made on February 4, 1895, and on the sixth day of April, 1895, denied. This appeal is from the order denying a new trial.

Appellants assign numerous errors, alleged to have been made, and demand a reversal of the judgment. The main contention of appellants is that the court erred in re-referring said case to the referee Frank T. Wyman, Esq., with instructions to make a full and complete finding of facts upon all of the issues made by the pleadings, from the evidence already before the referee. The referee was appointed under the provisions of subdivision 1, section 4414, of the Revised Statutes of Idaho, which provides that a reference may be ordered, on the agreement of the attorneys, "to try any or all issues in an action or proceeding whether of fact or of law and to report a finding and judgment thereon." It appears from the record that the first report made by the referee failed to find on all of the issues made by the pleadings, and a re-reference was made for the purpose of obtaining findings of fact upon all issues. The reference was made without appellants' consent. The judgment recommended by the amended report made no change in the judgment recommended by the first report. Each report recommended a judgment in favor of plaintiff for the sum of $3,311.94 and costs. Appellants contend that, when the first report of the referee was filed, it became the decision of the court, and that the referee was *functus officio* as soon as said report was filed, and had no power to act in the matter thereafter; that the court had no jurisdiction to re-refer said report without their consent. If the referee had performed all of the duties imposed by the order appointing him, upon filing his report his duties were at an end. He was *functus officio.* But, if he had failed to perform any of the duties thus imposed, his duties were not at an end. He was an officer of the court, acting under special instructions from the court—instructions given under and by virtue of the agreement of the attorneys of the respective parties, and as provided by said statute. Until he performed all of the duties imposed by the order appointing him, he was not *functus officio,* but was still subject to the direction of the court; and it had jurisdiction to compel him or require him to perform all of the duties thus imposed, without any further consent of appellants. It is conceded by appellants that the referee failed to find on numerous issues made by the pleadings, as, in their motion to set aside said report, they specify twenty-seven facts

in issue on which the referee failed to find. A referee cannot discharge himself by failing or refusing to perform the duties imposed on him by order of the court. Nor can a party, after agreeing to a reference, withdraw his consent therefrom, after it has been acted on by the court, without its consent. If the referee fails to comply with the order of reference, it is the duty of the court to enforce compliance therewith. The consent of the parties is not necessary to confer jurisdiction on the court to compel the referee to obey the order under which he acts. The case of *Arn v. Coleman,* 11 Kan. 460, is cited by appellants in support of this contention. Mr. Justice Brewer, speaking for the court in that case, says: "The referee is born of an order. Without it he is not, and when he has performed the duty imposed by that order he is *functus officio.*" Note the language there used, to wit, "when he [the referee] has performed the duty imposed by that order," etc. However, the point under consideration was not involved in that case. The court says: "How far the court may, after the report is filed, and before any order is made setting aside, send it back for consideration and amendment, is not involved in this case, and we express no opinion thereon." *Smith v. Warner,* 14 Mich. 158, cited by appellants, does not decide the point under consideration. In that case the court says: "Neither is it necessary, in the present case, to consider how far the court may go, in requiring a referee to make a fuller statement of facts when he has not embodied in his report a full recital." After a careful consideration of appellants' motion to set aside the first report of the referee, I do not think the court would have erred had it denied the motion, and referred the report for a fuller finding of facts. The action of the court resulted in bringing about that state of facts, and no prejudicial error was committed.

The appellants contend that the referee's finding of facts is not sustained by the evidence, and the first point urged thereunder is that the referee found that defendants had in their possession all of the partnership assets, amounting to $5,194, which sum, the referee states, includes $4,099 recovered on sale of cattle to Catlin, and $225 received for cattle sold to Sparks & Tinnin, and fails to find of what items the balance of said

$5,194 is composed. While that is true, the evidence clearly shows that there were other partnership assets. And the report of the referee shows that defendants had the proceeds of the sale of one hundred and eighty head of partnership cattle, or that they had purchased plaintiff's interest therein at the agreed price of $2,160, which sum they retained. I think the finding of fact complained of is sufficient, and sustained by the evidence.

The eighteenth finding of fact is specified as error. It finds that plaintiff had received on account of said partnership $344.13, and no more. It is contended that plaintiff admits in his complaint that he had received $500 on account of said partnership, and that he also testified that he had received $500, and should have been charged with that sum. Plaintiff admits in his complaint that he had received, on account of said copartnership, not more than $500. He also testifies that he received $500 from defendants, and, as I understand his testimony, it is to the effect that this $500 was sent him to pay for supplies, hired help, etc., in connection with the partnership business, and not to be retained by him. Regardless of the indefinite admission made in the complaint, the referee was justified, under the evidence, in finding that he had received out $344.13 on account of the partnership, as a part of his interest therein.

After a careful consideration of the various errors assigned, I find no prejudicial error in the record. While it is true the evidence, at least in part, is quite unsatisfactory and conflicting, I think there is sufficient to sustain the report of the referee. The judgment of the court below is sustained, with costs in favor of respondent.

Morgan, C. J., and Huston, J., concur.