PARKER et al. v. OGDENSBURGH & L. C. R. CO.

(Circuit Court of Appeals, Second Circuit. April 8, 1897.)

1. REVIEW ON ERROR—TRIAL BY REFEREE—PROCEEDINGS ON REPORT.

A judgment of the circuit court entered upon the report of a referee to hear, try, and determine may be reviewed on writ of error in respect to rulings and decisions in matter of law after the filing of the referee's report, including the action of the court upon a motion to strike out a notice of termination of the reference, which it had reserved until the filing of the report.

2. REFERENCES IN FEDERAL COURTS—STATE PROCEDURE—REFEREE'S REPORT.

Under Rev. St. § 914, a reference to hear, try, and determine may be ordered, upon consent of parties, in accordance with the provisions of the New York Code of Civil Procedure; and, upon the failure of a referee so appointed to file his report within 60 days after the final submission of the case to him, the reference may be terminated as provided in section 1019 of said Code, and thereafter the referee has no jurisdiction to make a report, nor can any judgment be entered upon one if made.

In Error to the Circuit Court of the United States for the Northern District of New York.

This case comes here on writ of error to review a judgment of the circuit court, Northern district of New York, entered September 10, 1896, against plaintiffs in error, who were defendants below, for $13,952.20, in favor of defendant in error.

Harvey D. Goulder, for plaintiffs in error.

Louis Hasbrouck, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The action was at law for damages on breach of contract. On January 16, 1890, the parties stipulated that "a jury trial be and is waived herein, and the whole issues referred" to a counsel named therein, "as sole referee to hear, try, and determine," with the usual clause required by the rule, that judgment should not be entered until 10 days after notice of the filing of the report. An order of reference was entered on this stipulation January 18, 1890. The testimony having been taken, argument was had, briefs filed, and the case finally submitted for the consideration of the referee September 21, 1891. No report having been made by the referee, defendants on April 20, 1893, served notice on plaintiff that they elected to terminate the reference. The New York Code of Civil Procedure (section 1019) provides that, upon the trial by a referee of an issue of fact or an issue of law, "the referee's written report must be either filed with the clerk, or delivered to the attorney for one of the parties, within sixty days from the time when the cause or matter is finally submitted, otherwise either party may before it is filed or delivered, serve a notice upon the attorney for the adverse party, that he elects to end the reference. In such a case the action must thenceforth proceed as if the reference had not been directed, and the referee is not entitled to any fees." Two years afterwards, on May 16, 1895, plaintiff moved to strike out defendants' notice ending the reference, which motion came on for argument June 4, 1895. The circuit court on June 11, 1895, expressed the opinion that such motion

should not be decided at that time, but that, should the referee decide in favor of the plaintiff, the question could be raised upon the motion to confirm the referee's report, and intimated that the referee would probably decide the cause soon.    Nothing further being heard from the referee, the court on October 21, 1895, made an order directing the clerk to enter an order vacating the reference on November 7, 1895, unless in the meantime the referee should file his report. The referee filed a report in favor of the plaintiff on November 5, 1895.    Defendants thereupon moved to vacate, set aside, and strike the report from the files, on the ground that it was null and void, since the termination of the reference had left the referee without jurisdiction to proceed.    This motion was denied December 3, 1895, and judgment was entered September 10, 1896, in favor of the plaintiff, upon recitals that all the issues had been duly referred to the referee, and that "the said referee had duly made his report."    Writ of error was sued out to review this judgment.

The only question it is necessary to consider is as to the effect of the notice terminating the reference.    Plaintiff's counsel contends that such question cannot be examined upon this appeal, for the reason that the orders of the court below in relation to striking out the report of the referee were not final, and that the judgment cannot be reviewed in this court; it having been entered upon the report of a referee to hear, try, and determine.    There is no force in this objection.    The cases cited on the brief go only to the extent of holding that the findings of a referee or arbitrator as to the facts, and his rulings as to the admission or exclusion of evidence, cannot be thus reviewed.    Such cases expressly hold that, "in actions duly referred by rule of court to an arbitrator, only rulings and decisions in the matter of law after the return of the award are reviewable." Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296.    The decision of the circuit court upon the referee's report and the notice of termination, which it had expressly reserved until the report was filed, may be considered a "ruling and decision in a matter of law arising after the return of the award."    The judgment entered thereon was final, and is, of course, reviewable in this court.    It would be an absurd proposition to hold that such a judgment could not be reviewed if it appeared that there had never been any reference at all, or that the referee had never reported.    And that is precisely the position of plaintiffs in error, who contend that after April 20, 1893, there was no referee or arbitrator, and that, therefore, there was before the circuit court no report or award "duly made."    The act of 1872 (now section 914, Rev. St.) provided that:

"The practice pleadings and forms, and mode of proceedings in civil causes, other than equity and admiralty causes, in the circuit and district courts must conform as near as may be to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held."

Inasmuch as this statute does not provide for like conformity in proceedings to review judgments of those courts, great embarrassment results to the defeated party where a referee appointed by consent, in conformity to the state code of procedure, has made his re-

port, and the court has entered judgment thereon; nor has the existing difficulty been substantially overcome by the rule adopted by the three federal districts of this state providing for motion for a new trial. In view of the decisions, it is rather surprising that parties to common-law actions in the circuit court consent to such references. But none of the authorities intimate that under section 914 a reference in conformity with the state practice may not be had when they do consent. It cannot be said that a reference would (in the language of the supreme court when discussing a state statute prescribing the manner in which a jury should be charged) "unwisely incumber the administration of the law, or tend to defeat the ends of justice." Railroad v. Horst, 93 U. S. 301; Newcomb v. Wood, 97 U. S. 583; Lamaster v. Keeler, 123 U. S. 390, 8 Sup. Ct. 197; Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530. And, if a reference in conformity to the practice prescribed by state statute may be entered upon as such practice prescribes, there is no reason why it may not also be terminated in conformity with such practice. The New York Code provides for a reference upon consent of parties, manifested by a written stipulation filed with the clerk, whereupon he must enter an order referring the issues for trial to the person agreed upon. The section above quoted from, providing for termination of the reference, is positive and unambiguous. It has been construed by the court of appeals of the state, which held that where 60 days have elapsed from the final submission of the cause to the referee, and no report has been delivered or filed at the time of the service of notice, the power of the referee thereafter to make or deliver a report was terminated by such notice, and the subsequent delivery of the report by him was without authority of law, and void. "It is insisted," says that court, "that the denial of the motion to set aside the report should be sustained upon the ground that in such denial the court, in the exercise of its discretion, came to the conclusion that it was a proper case to enlarge the time for the referee to deliver his report. This position cannot be sustained. After the jurisdiction of the referee has ceased, by the service of the notice, the order referring, and all subsequent proceedings, are a mere nullity, the same as though not existing. The court has no power to render them valid by an order enlarging the time for delivering the report, or otherwise. The statute is that thereupon the action shall proceed as though no reference had been ordered. Had the court power in any way to prevent the action from so proceeding, it would, when exercised, effect a repeal of the statute. The court has no such power." Gregory v. Cryder, 10 Abb. Prac. (N. S.) 295. In view of the explicit language of the section, it is difficult to see how the state court could have reached any other conclusion. Certainly this provision for terminating references when a reasonable time has elapsed without decision is not a "subordinate provision," nor do we see how it can be said to "incumber the administration of the law, or tend to defeat the ends of justice." It may be availed of equally by either party. It gives to neither an unfair advantage over the other. It tends to secure a speedy end of litigation. Moreover, it was eminently proper that the state should make some provision on the subject. It is

well-settled law that an agreement to submit to arbitration is, in general, revocable by either party at any time before an award has been made; but, where parties to an action have consented to a rule of court submitting the action to arbitrators to be mutually chosen, neither party can rescind the rule.    1 Am. & Eng. Enc. Law, p. 664. When the state, therefore, provided for the submission of issues in court to an arbitrator or referee by consent of parties, it was but fair that it should provide safeguards against the referee holding the case indefinitely,—for years, perhaps, as in this case,—while a party aggrieved thereby was powerless to compel a decision.    We are of the opinion, therefore, that when judgment was entered in the circuit court on September 10, 1896, there was on file in that court no report of any referee duly made; and since it appears from the recitals in said judgment that there has been no default of defendants, and no trial of the issues, either by a jury or by the court without the intervention of a jury, the circuit court committed error of law in entering such judgment.    The judgment of the circuit court is reversed and the cause remitted.