### KILDUFF v. JOHN A. ROEBLING'S SONS CO.

### JOHN A. ROEBLING'S SONS CO. v. CARBON STEEL CO.

(Circuit Court, S. D. New York.   December 27, 1906.)

REFERENCE—REPORT OF REFEREE—REVIEW.

> The court will not review the findings or conclusions of a referee, to whom a cause has been referred to pass upon all questions both of fact and law, unless to correct a manifest clerical error.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 207.]

On Report of Referee.

Noble, Jackson & Hubbard, for John A. Roebling's Sons Co
Chas. A. Hess, for Kilduff and Carbon Steel Co.

LACOMBE, Circuit Judge.   Although it is the practice here to make an order for judgment upon the report of the referee, instead of allowing the clerk to enter judgment without direction of the court, such order is pro forma, only.   The court will not undertake to modify or review the conclusions of law, any more than it would the findings of fact.   Indeed, the very object of a reference is to relieve the judge at circuit from considering or passing upon any of the questions which have to be determined in arriving at the final conclusion, which is to be embodied in the judgment.   If there be in this case some clerical error of computation, which is so manifest that its mere statement is sufficient proof of its existence, the referee will no doubt correct it, if his attention be called to it, and will modify his conclusions of law accordingly.   The fact that he has not done so, or has not been asked to do so, indicates quite clearly that there is more than this complained of; that the court is asked to modify one or more of the conclusions of law, upon the theory of reviewing an error of the referee.   This the Circuit Court will not do, upon return of referee's report.   The proper reviewing court is the Circuit Court of Appeals.

Orders will be signed for judgment in conformity with the referee's conclusions, unless further time is required to allow of an application to the referee for the correction of this alleged "manifest error of calculation."