UNITED STATES v. RAMSEY et al.

(Circuit Court, D. Idaho, C. D.   December 10, 1907.)

1. JURY—WAIVER OF RIGHT TO JURY TRIAL—REFERENCE—FINDINGS OF REF-
   EREE—POWER OF COURT TO FIND FACTS.
      An agreement in open court by the parties to an action at law in a fed-
   eral court that the cause may be referred to a referee to make findings
   of fact is a waiver of the right to a jury trial only on condition that the
   facts be found by a referee, and confers no power upon the judge to ig-
   nore such findings, and himself determine the issues of fact, and the judge
   has no such power unless by consent, but can only confirm or reject the
   findings of the referee, and in case they are set aside the cause stands for
   trial precisely the same as though it had never been referred.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 194, 195.]

2. REFERENCE—REVIEW BY COURT—IDAHO STATUTE.
      Under Rev. St. Idaho 1887, §§ 4414, 4419–4421, authorizing a reference
   by consent in actions at law, which, by virtue of the federal conformity
   statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), are applicable in ac-
   tions in the federal courts, or at least may be made so by consent of the
   parties, and which provide that in case of such reference the referee
   shall try all the issues whether of fact or law, and "report a finding and
   judgment thereon," which must stand as the finding of the court, and
   "may be excepted to and reviewed in like manner as if made by the
   court," the court has no power on exceptions filed to a referee's findings
   of fact to review the evidence, but can only do so on a motion for a new
   trial, as in case of a finding by the court or the verdict of a jury; the
   office of the exceptions provided for being merely to bring in question the
   conduct of the referee, the regularity of the proceedings, or the sufficiency
   of the findings under the order of reference or to meet the issues.
      [Ed. Note.—Following state practice, see note to Nederland Life Ins.
   Co. v. Hall, 27 C. C. A. 392.]

3. SAME—COMMON-LAW REFERENCE.
      In case of a common-law reference, if it appears that the referee has
   exercised his honest and incorrupt judgment in finding the facts, after a
   full and fair hearing of the parties, the court cannot decline to accept
   the report upon the ground that the referee has erred in his judgment.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 167.]

On Exceptions to Referee's Report.

N. M. Ruick, U. S. Dict. Atty.

Morrison & Pence, for defendants.

DIETRICH, District Judge.   The defendant Ramsey was marshal
for the district of Idaho during the period from January 14, 1899,
to June 30, 1902.   The defendant Fidelity & Guaranty Company was
surety upon his official bond as such marshal.   During Ramsey's term
of office there were placed to his credit by the plaintiff divers sums of
money aggregating a large amount.   From time to time, in connec-
tion with the performance of his official duties, Ramsey paid expenses
and claims out of the moneys thus placed to his credit, and reported
such expenditures, and accounted for and repaid to the plaintiff the
balance.   Exceptions were taken by the officers of the Auditing De-
partment to a large number of the items of expenditure thus reported
by Ramsey, varying in amount from 5 cents to over $100. and aggregat-
ing $688.11, to recover which sum this action was brought.   The cause
being at issue, and it appearing that its trial would require the ex-

amination of numerous items of account, by agreement of counsel it was referred, the order of reference being as follows:

"By agreement of counsel for the respective parties herein, it is ordered that this cause be and the same is hereby referred to C. C. Cavanah, Esq., to take the testimony herein, and report findings of fact and conclusions of law to the court in said cause, with all convenient speed."

Thereafter the referee, having taken the evidence, reported to the court his findings of fact and conclusions of law based thereon, awarding to the plaintiff $88.34, and disallowing the balance of the claim. In form, the findings are separately stated, and they respond to all of the issues. Upon the coming in of the referee's report, counsel for the plaintiff filed what is denominated an "Exception to Findings of Referee," by which objection is made to the sixth and seventh findings of fact (which cover the vital issues presented by the pleadings), "upon the ground that said findings and each of them, and each and every item allowed to the defendants therein as a proper charge, are unsupported by the evidence and are contrary to law." At the same time counsel for plaintiff filed what is denominated a "Notice of Motion for Judgment," by which the plaintiff gave to the defendant notice that upon a certain day the plaintiff would move the court to enter judgment "in favor of the plaintiff, in accordance with the prayer of its complaint, upon the evidence heretofore taken before C. C. Cavanah, Esq., referee in said cause, anything in the report of said referee to the contrary notwithstanding." The exceptions and the motion for judgment have been argued and submitted together.

The simple question presented by the motion is whether or not, when, upon agreement of the parties, a rule has been made by the court in an action at law, referring a cause, with instructions and authority to the referee to make and report findings of fact and conclusions of law, his findings may be disregarded, and the judge of the court may, upon the evidence taken by the referee, make findings and enter judgment accordingly. By the Constitution (amendment 7) it is provided that:

"In suits at common law, where the value in controversy shall exceed $20.00, the right of trial by jury shall be preserved."

Section 648, Rev. St. U. S. [U. S. Comp. St. 1901, p. 525], provides that:

"The trial of issues of fact in the circuit court shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy and by the next section."

In the next section (649) it is provided that:

"Issues of fact in civil cases in any circuit court may be tried and determined by the court without the intervention of a jury whenever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury."

In such case the finding of the court upon the facts shall have the same effect as the verdict of a jury. The trial of issues of fact by the court without a jury was unknown to the common law. Such questions were exclusively for the jury, and in case questions of fact were submitted to the judge without a jury, by agreement of the parties,

it was held that, in determining such issues, the judge was not acting in any official capacity, but as an arbitrator. Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96. Manifestly, therefore, the judge has no power, without the consent of the parties, to determine issues of fact, and only by virtue of the provisions of section 649 does the judge's decision upon a question of fact become a judicial act. This action, therefore, being one at law, the parties were entitled to have the issues of fact submitted to a jury. This right they might waive, and they might agree that such questions be determined by the judge of the court, or by a referee. The record discloses a waiver of jury, upon the condition, however, that the facts be found by a referee. There was no consent that such issues be submitted to the determination of the judge of the court, and the court is powerless to impose upon the parties, against their will such mode of trial.

In Dundee Mortgage Company v. Hughes, 124 U. S. 157, 8 Sup. Ct. 377, 31 L. Ed. 357, the court says:

"It is undoubtedly true that under a common-law reference the court has no power to modify or to vary the report of a referee as to matters of fact. Its only authority is to confirm or reject, and if the report be set aside the cause stands for trial precisely the same as if it had never been referred."

In that case, as in this, there was no written stipulation filed waiving a jury and consenting to the reference, but there, as here, an order of reference was made by consent of counsel in open court. The referee filed findings of fact and conclusions of law, to which both parties excepted. The findings of the referee were set aside and new findings were made by the court, upon which judgment was entered. It is true that the judgment of the Circuit Court was affirmed, but the Supreme Court declined to review its action in substituting findings of its own in place of those of the referee, for the reason that no objection was made in the trial court, and that no exception was seasonably taken. The court says:

"Had the attention of the court been called to the exact condition of the record, the error would probably have been avoided by the filing of the necessary stipulation in writing, or in some other way."

It is impliedly held that if a proper stipulation in writing had been made and filed, waiving a jury and consenting to a reference under the Oregon Code, it would have been competent for the Circuit Court not only to set aside the referee's report for good cause, but to make findings of its own, and enter judgment accordingly; but section 229 of the Oregon Code was, in part, as follows:

"The court may affirm or set aside the report, either in whole or in part. If it affirm the report it shall give judgment accordingly. If the report shall be set aside either in whole or in part the court may make another order of reference as to all or so much of the report as may be set aside, to the original referees, or others; or it may find the facts and determine the law itself and give judgment accordingly."

If, therefore, the parties had filed such a stipulation there would have been a consent upon their part that the judge of the court, upon certain contingencies, might determine the issues of fact as well as de-

cide the questions of law. After adverting to the fact that no objection was made in the court below, the Supreme Court says:

"The court proceeded, evidently in accordance with the understanding of the parties, to make new findings precisely as it would if the order of reference had been actually under the Code upon a consent in writing."

If it be assumed that the consent of the parties and the order of the court now under consideration were made with reference to the Idaho statutes relative to trial by referees, it is to be observed that they do not contain any provision similar to that of the Oregon Code above quoted. Nor do I think that even in the Idaho state courts, when such a reference as is now under consideration is made, can the judge, upon the rejection of the findings of a referee, in an action at law, make findings of his own, and enter judgment thereon, over the objection of one of the parties to the proceeding. Pratalongo v. Larco, 47 Cal. 378; Walker v. Campbell, 3 Hasb. (Idaho) 13, 26 Pac. 123; Robinson v. Nelson, 4 Idaho, 567, 43 Pac. 64. My conclusion is that, without the consent of the parties to an action at law, the judge of the court has no authority to determine the issues of fact, and that neither under the statutes of the United States nor the statutes of Idaho is such consent implied in a mere agreement that the cause be referred to a referee to report findings of fact and conclusions of law.

The other question is whether, under the order of reference, the court may, upon the plaintiff's "exception" to the findings of the referee, review the evidence for the purpose of determining whether the findings of fact are supported by the evidence. The question is not, whether the court may in any manner review the evidence for that purpose, but whether such a review may be had upon exceptions to the referee's report. It is contended by counsel for the defendants that, the parties having consented, with the approval of the court, the cause be tried by a referee, the court is without power to inquire into the sufficiency of the evidence to support the findings of fact upon an exception to the referee's report, and that the aggrieved party must resort to some other mode of procedure to call in question the propriety of the referee's findings. There is no express provision in the federal statutes prescribing the practice in case of reference. Section 914, U. S. Rev. St. [U. S. Comp. St. 1901, p. 684], provides that:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

Section 4414 of the Revised Statutes of Idaho 1887 provides that:

"A reference may be ordered upon the agreement of the parties, filed with the clerk or entered in the minutes:

"1. To try any or all the issues in an action or proceeding, whether of fact or of law, and to report a finding and judgment thereon."

Section 4419 provides that:

"The facts found and conclusions of law (of the referee) must be separately stated."

Section 4420 is as follows:

"The finding of the referee upon the whole issue must stand as the finding of the court, and upon filing the finding with the clerk of the court judgment may be entered thereon in the same manner as if the action had been tried by the court."

Section 4421 is as follows:

"The findings of the referee may be excepted to and reviewed in like manner as if made by the court. When the reference is to report the facts the finding reported has the effect of a special verdict."

If the cause were pending in the Idaho state courts, and it had been referred in the manner indicated in the order of reference under consideration, there could, in my judgment, be no escape from the conclusion that the court would be powerless to review the evidence upon the exceptions filed. The Idaho statutes appear to be too clear to be open to construction. The provisions above quoted contemplate that when the parties agree, and the court, upon such stipulation, directs that all of the issues of fact and of law be tried by a referee, and the referee, in conformity with such order and the statutes, hears the evidence and makes and reports to the court his findings of fact and conclusions of law, the court has power only to enter a proper judgment thereon. The clause above quoted, "and to report * * * judgment thereon," is substantially complied with by the referee when he reports his conclusions of law, for the conclusions of law should and do, if properly stated, indicate the substance and define the scope of a proper judgment. "The findings of the referee may be excepted to and reviewed in like manner as if made by the court." The statute so prescribes; and expressio unius est exclusio alterius. Hence, if the evidence is insufficient to support the referee's findings they may be set aside and a new trial granted, upon proper motion, seasonably made, for a new trial in the District Court, or, by the Supreme Court, upon appeal. The findings of a referee become a part of the judgment roll. Subdivision 2, § 4456, Rev. St. Idaho 1887. The referee settles bills of exceptions (Rev. St. 1887, & 4430) and statements on motion for new trial (Rev. St. 1887, § 4441). In short, it is too clear for argument that the statutory modes of reviewing verdicts of juries and the findings of a court are applicable to the findings of fact of a referee upon the whole issue, and are exclusive.

I do not wish to be understood as intimating that under no circumstances can exceptions to a referee's report be properly taken. To a certain extent the court has a supervisory control over the referee and his conduct, and, if it should appear upon the face of the record that the referee's findings of fact were not in conformity with the order of reference, or that they were uncertain in material respects, or were conflicting, or that they did not respond to all of the material issues presented by the pleadings, or that the conclusions were not deducible from the findings of fact, it would not be incumbent upon the court to enter the judgment reported by the referee. In cases where the findings of fact are defective upon their face, the court doubtless has power to refer the matter back to the referee, with instructions to remedy the defects, and to make the findings certain and complete; that is, to comply with the original order of reference. If, in some appro-

priate manner, it were made to appear to the court that the referee had acted fraudulently or had been guilty of gross misconduct, the court might decline to accept or confirm his report, but where the referee has acted in good faith, and has reported findings of fact which are certain and consistent, and which respond to all of the issues, and the errors complained of are at most but the mistakes of an honest judgment, the Idaho statutes clearly contemplate that they can be reviewed only upon motion for a new trial or upon appeal. These statutes were adopted from the California Code, and such, as I understand it, has been the uniform construction placed thereon by the Supreme Court of that state. Russell v. Elliott, 2 Cal. 246; Headley v. Reed, 2 Cal. 322; Goodrich v. Mayor, 5 Cal. 430; Harris v. S. F. S. R. Co., 41 Cal. 393; Thompson v. Patterson, 54 Cal. 542. And while in no case called to my attention has the precise question been passed upon by the Idaho Supreme Court, the decisions in Walker v. Campbell, 3 Hasb. (Idaho) 13, 26 Pac. 123, and Robinson v. Nelson, 4 Idaho, 567, 43 Pac. 64, are, to say the least, not out of harmony with this view.

Section 4420 apparently authorizes the entry of judgment by the clerk without awaiting any action upon the part of the judge of the court, but this it is unnecessary to decide at this time. In view of the fact that there is no provision prescribing that notice of the filing of the report shall be given to the parties, or prescribing the length of time after the report is filed in which either party may file objections or exceptions to the report, it would appear to be the better practice for the successful party, upon the coming in of the report, to move, after giving notice, that it be accepted, and that judgment be entered accordingly. It may not infrequently happen that the conclusions of law are not proper deductions from the findings of fact, and I can see no valid reason why the trial court should not direct the entry of such a judgment as is required by the facts found, even though not in harmony with the conclusions of law reported, and so modify the conclusions of law as to make the record consistent. Such seems to be the construction by the Supreme Court of California of similar statutes. Calderwood v. Pyser, 31 Cal. 333; Prince v. Lynch, 38 Cal. 528, 99 Am. Dec. 427. It is undoubtedly true that references were not infrequent at common law, and I am not aware of any provision of the federal statutes to which such a practice can be considered repugnant. In Hecker v. Fowler, 69 U. S. 123, 17 L. Ed. 759 (decided in 1864, prior to the enactment of section 914, Rev. St), notwithstanding the reference was by consent, the losing party made the contention that the award of the referee was invalid because, as was contended, a United States Circuit Court has no power to authorize such procedure. Among other things the court says:

"Practice of referring pending actions under a rule of court, by consent of parties, was well known at common law, and the report of the referees appointed, when regularly made to the court, pursuant to the rule of reference and duly accepted, is now universally regarded in the state courts as a proper foundation of judgment."

No decision has been called to my attention, and I am aware of none, expressly holding that where such reference has been had by

consent of the parties, according to the course of the common law, the judge of the trial court may, upon exceptions, in the absence of a general rule to that effect, review the evidence for the purpose of determining whether or not the referee's findings are supported thereby. It seems to be true that, as a rule, the report of the referee must be accepted or confirmed by the court before the entry of judgment thereon, but I do not understand this rule to involve an inquiry by the court into the sufficiency of the evidence; the scope of the inquiry at such time is limited to the question as to whether or not the referee has, in good faith, fully complied with the order of reference. If he has performed his duty only in part, as appears from the record, or his report is so uncertain as to be unintelligible, or if he has acted fraudulently, or, as it is sometimes put, if he has made "gross mistakes," the court will withhold confirmation or acceptance of the report. Doubt is imported into the question as to the scope of the court's inquiry by the not infrequent use of the phrase "gross mistake," or "gross error," in the conduct of the referee. It is sometimes difficult to determine just what the expression is intended to mean. The function of a referee is very frequently likened to that of an arbitrator. In Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, the court says:

"A reference by consent of parties of an entire case for the determination of all its issues, though not strictly a submission of the controversy to arbitration—a proceeding which is governed by special rules—is a submission of the controversy to a tribunal of the parties' own selection," etc.

In Burchell v. Marsh, 58 U. S. 344, 15 L. Ed. 96, the court, in speaking of the effect of an award by arbitrators, quotes from Knox v. Symmons, 1 Ves. 369, as follows:

"To induce the court to interfere there must be something more than an error of judgment, such as corruption in the arbitrator, or gross mistake, either apparent on the face of the award or to be made out by the evidence; but in case of mistake it must be made out to the satisfaction of the arbitrator, and that if it had not happened he should have made a different award."

And then the court says:

"Courts should be careful to avoid a wrong use of the word mistake, and by making it synonymous with mere error of judgment assume to themselves an arbitrary power over awards."

And again the court says:

"If they (the arbitrators) have given their honest incorrupt judgment on the subject-matters submitted to them, after a full and fair hearing of the parties, they are bound by it."

Likewise, I think that in case of a common-law reference, if it appears that the referee has exercised his honest and incorrupt judgment in finding the facts, after a full and fair hearing of the parties, the the court cannot decline to accept the report upon the ground that the referee has erred in his judgment.

In Sicard v. Buffalo Railway Company, 15 Blatch. 525, Fed. Cas. No. 12,831 the court says:

"The only question on the record is whether the report of the referee ought to be sustained as against the exceptions filed? The findings of fact made by the referee are conclusive."

The rule as thus stated is not expressly made to apply to the District Court, but, upon the other hand, it is not limited to the appellate court.

In Tyler v. Angevine, 15 Blatch. 536, Fed. Cas. No. 14,306, the court says:

"The referee as to the finding of facts stood in the place of a jury."

The case of Boogher v. Insurance Company, 103 U. S. 90, 26 L. Ed. 310, cited by counsel for the plaintiff, is not to the contrary. The reference involved was made under the statutes of Missouri, in which state the action originated, and the Missouri statutes were materially different from the Idaho statutes, and the order of reference made upon consent of the parties contained the express provision that the report of the referee should be "subject, however, to exceptions"; and aside from these material considerations the question now under consideration was not involved, and only by inference could some of the general expressions used be considered as in support of the plaintiff's contention. Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, is also cited as being in support of the government's contention. That was a suit in equity. By consent and request of all the parties a special master was appointed by the court "to hear the evidence and decide the issues between the parties and make his report to the court, separately stating his findings of law and fact, together with all the evidence introduced before him, which evidence shall thereby become part of the report, which report shall be subject to like exceptions as other reports of masters." It is obvious that the case is quite dissimilar from that at bar.

In speaking of the functions of a master in chancery the court says that, in ordinary cases—

"the information which he may communicate by his findings in such cases upon the evidence presented to him is merely advisory to the court, which it may accept and act upon, or disregard in whole or in part, according to its own judgment as to the weight of the evidence."

Again, the court says:

"It is not within the general province of a master to pass upon all the issues in an equity case, nor is it competent for the court to refer the entire decision of a case to him without the consent of the parties."

It is manifest, therefore, that it was not without some show of reason that the party to whose claims the findings of the master were adverse should have contended that, under the clause of the order of reference which provides that the master's report "shall be subject to like exceptions as other reports of masters," the findings of the master were to be considered as merely advisory, and that upon exceptions thereto by the losing party the court might, at its discretion, adopt or reject them. The court declined to accede to this contention, holding that, by the stipulation submitting the entire case for the determination of the master, the parties had submitted their "controversy to a tribunal of the parties' own selection, to be governed in its conduct by the ordinary rules appli-

cable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence or in the application of the law, but not otherwise." In considering the opinion of the court it must be borne in mind that the case was a suit in equity, and in the consent and order of the court there was a provision that the master's report be reviewed upon "like exceptions as other reports of masters."

However, it is perhaps unnecessary to more fully elaborate a discussion of what the rule would be if the reference under consideration were a reference at common law, for the reason that while it does not conclusively appear from the record whether the parties, when they consented to the reference, and the court, when it made the order, contemplated the practice prescribed by the Idaho statutes, still, it is expressly declared in the written brief upon behalf of the plaintiff that it "was not a common-law reference, but a reference under the statute, 'by agreement of the parties * * * entered in the minutes,'" as provided by section 4414 of the Idaho Revised Statutes, and this contention seems to be acquiesced in by counsel for the defendants. It is wholly probable that counsel for both parties, being familiar with the state practice and with section 914, Rev. St. U. S. [U. S. Comp. St. 1901, p. 684], assimilating the practice in the federal courts in actions at law to that of the state courts, had reference to the state practice when they assented that the referee should make and report findings of fact and conclusions of law. Where similar records have been involved, the courts have almost uniformly held that the consent of the parties and the order of court were made with reference to the state practice. Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Boogher v. Insurance Co., 103 U. S. 90, 26 L. Ed. 310; Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 8 Sup. Ct. 377, 31 L. Ed. 357; Robinson v. Life Ins. Co., 16 Blatchf. 194, Fed. Cas. No. 11,961; Parker v. Railroad Co., 79 Fed. 817, 25 C. C. A. 205. If, then, the contention of the government be adopted, that by its consent the cause was referred with reference to the state practice, little more need be said, and a discussion of the extent to which the state statutes in cases of reference are made binding upon the federal courts by section 914 is needless, for it was competent for the parties, with the consent of the court, to submit their controversy in the manner and upon such conditions as they saw fit to agree upon. In legal effect the statutes of Idaho are to be read into and considered as a part of the agreement and order of reference, and the report of the referee, regardless of section 914, has such virtue and effect as are given to such reports by the statutes of Idaho. This, as I understand it, is the clear import of the decisions in Dundee Mortgage Company v. Hughes, and Newcomb v. Wood, supra. In the latter case the court says:

"The power of a court of justice, with the consent of the parties, to appoint arbitrators and refer a case pending before it, is incident to all judicial administration where the right exists to ascertain the facts as well as to pro-

nounce the law. Conventio facit legem. In such an agreement there is nothing contrary to law or public policy. The Code of Ohio provides (section 281) expressly 'that all or any of the issues in the action, whether of fact or law, may be referred upon the written consent of the parties or upon their oral consent in court entered upon the journal.' 2 Swan & C. Rev. St. p. 1027, c. 87. The reference here in question was made in the latter mode and by virtue of this authority."

The plaintiff was not compelled to consent to the reference, nor was it incumbent upon the court to order a reference, but if such course was consented to by the parties and the order was thereupon made by the court, all in contemplation of the procedure prescribed by the Idaho statutes, no reason is apparent why the court should now deviate from the course deliberately selected and entered upon for the determination of the controversy. If either party was not content with the status of a decision by the referee, as the same is defined by the Idaho statutes, it being their right, it was their duty to decline to give their consent to an unconditional reference under such statutes. Having sought the advantage accruing to it from favorable findings by the referee under the Idaho statutes, the plaintiff should not be relieved from the disadvantage of adverse findings. In adopting this view no unfairness results to either party, for, at the outset, they voluntarily selected their tribunal, namely, a referee "learned in the law," and by reference to the Idaho statutes they agreed upon their course of procedure, and assented to the force and effect to be given to the referee's report. Moreover, while I do not regard it necessary to discuss the extent to which, under section 914, the Idaho state practice in cases of reference should furnish the rules of procedure in this court, I am unable to see any valid reason why, in the main, the state practice should be rejected. True it is that in the matter of new trials and bills of exception and review upon writ of error the federal courts proceed independently. Such fact alone does not make it impracticable to assimilate the state practice in trials before referees. So far as I have been able to discover there is no controlling case defining the extent to which the state procedure in such cases is made binding upon the federal courts by section 914. That this section does not require that in all respects the practice and procedure in federal courts shall conform to the practice and procedure in the state courts in actions at law appears upon the face of the statute, and the courts have frequently so held. The general principle seems to be that federal courts will not follow the state practice where such a course "would unwisely incumber the administration of the law, or tend to defeat the ends of justice." Railroad Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898. It is not apparent to me how the administration of the law would be unwisely incumbered or justice would be imperiled by adopting the state rule relative to the subject matter under consideration. Upon the other hand, if, upon exceptions like those under consideration, the court may be required to examine the evidence for the purpose of determining whether the findings of fact are supported thereby, the labor of the referee in preparing such findings would be futile, for it is to be assumed that in every case the unsuccessful party before the referee would file with the court exceptions, which may, without much thought or much labor, be prepared, and thus require the court to do

exactly what it would be compelled to do if the evidence were taken by an examiner and submitted to the court for original findings of fact and conclusions of law. In this case the referee was not even directed to report the evidence to the court. The court must follow some rule; it cannot act arbitrarily. In the brief filed by the Government, referring to section 914, it is said:

"The section last above quoted is not intended to deprive the court of power or authority to deal with the report of a referee as it may choose, and the statutes of Idaho cannot be held to limit such power in the absence of an express provision in the federal statutes."

But it is not my view that a court has the inherent "power or authority" to deal with a referee's report in an arbitrary manner. In matters of such common procedure the courts should act in accordance with some general rule, prescribed by statute, founded on precedent, or formally adopted and made public by the courts. There is no pertinent federal statute, nor has this court adopted any general rule. In the absence, therefore, of a federal statute, and a rule of court, the court should follow either the rule of the common law or the procedure prescribed by the state statute. It is not contended that the rule at common law is more liberal to the plaintiff than that found in the state procedure. Indeed, it is a grave question whether the rights of the plaintiff to a review of the findings of the referee are not more circumscribed by the common law than by the Idaho statutes; for, if this case should be considered as having been referred without regard to the Idaho statutes but with reference to the common law, it might, with much show of reason, be contended that the decision of the referee, in the absence of fraud or gross misconduct, is final and conclusive.

In Newcomb v. Wood, supra, it was held that "the agreement to submit the controversy to referees selected or approved by the parties implied clearly that they intended the award should be final and conclusive." In Hecker v. Fowler, cited supra, it is said that under the common law "such a report of referees is in many respects a substitute for the verdict of a jury." In Campbell v. Equitable Life (C. C.) 130 Fed. 786, where, in the stipulation of reference, it was provided that the referee's findings of fact should "have the same force and effect as the verdict of a jury," the court declined to review the findings. Apparently, therefore, the Idaho practice is, to say the least, quite as liberal as that at common law, and there is no basis for the contention that its adoption in the main by the federal courts would "unwisely incumber the administration of the law, or tend to defeat the ends of justice."

Parker v. Ogdensburgh (C. C. A., N. Y.) 79 Fed. 817, is a case very much in point. The action was one at law for damages on breach of contract. The parties stipulated that "a jury trial be, and is, waived herein, and the whole issues referred" to an attorney who is named "as sole referee to hear, try, and determine," etc. Upon this stipulation an order of reference was made. The court held that the state statutes of New York were applicable, and defined the power and authority of the referee. After quoting section 914, the court says:

"Inasmuch as this statute does not provide for like conformity in proceedings to review judgments of those courts, great embarrassment results to the

defeated party where a referee appointed by consent, in conformity to the state Code of Procedure, has made his report, and the court has entered judgment thereon; nor has the existing difficulty been substantially overcome by the rule adopted by the three federal districts of this state providing for motion for a new trial. In view of the decisions, it is rather surprising that parties to common-law actions in the circuit court consent to such references. But none of the authorities intimate that under section 914 a reference in conformity with the state practice may not be had when they do consent. It cannot be said that a reference would (in the language of the Supreme Court when discussing a state statute prescribing the manner in which a jury should be charged) 'unwisely incumber the administration of the law, or tend to defeat the ends of justice.' Railroad v. Horst, 93 U. S. 301, 23 L. Ed. 898; Newcomb v. Wood, 97 U. S. 583, 24 L. Ed. 1085; Lamaster v. Keeler, 123 U. S. 390, 8 Sup. Ct. 197, 31 L. Ed. 238; Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530, 32 L. Ed. 946. And, if a reference in conformity to the practice prescribed by state statute may be entered upon as such practice prescribes, there is no reason why it may not also be terminated in conformity with such practice."

Since writing the foregoing the case of Kilduff v. Roebling's Sons Co. (C. C.) 150 Fed. 240, has come under my observation. The views therein expressed by Judge Lacombe, who writes the opinion, are perhaps less favorable to the plaintiff's contentions than the conclusions which I have reached. It is there held that the order of the court directing the entry of judgment is pro forma only, and that the court will not undertake to review the referee's conclusions of law, much less his findings of fact. In the course of the opinion this language is used:

"Indeed, the very object of a reference is to relieve the judge at circuit from considering or passing upon any of the questions which have to be determined in arriving at the final conclusion which is to be embodied in the judgment."

It follows from the views expressed that both the motion and the exceptions must be denied.

The plaintiff is given exceptions, and is granted 30 days from the filing of this opinion in which to present for settlement a bill of exceptions, if it desires to incorporate the exceptions into a bill.

The clerk is directed to enter judgment in favor of the plaintiff and against the defendants for $117.10, the same being the amount (with interest) found due by the referee, also for costs of suit.