### ALDER v. EDENBORN.

(District Court, E. D. New York. September 2, 1912.)

1. JUDGMENT (§ 201*)—REFEREE'S REPORT.

> Where an action at law is submitted to a referee under a stipulation consenting to a determination of the issues by the referee, a judgment may be entered on the referee's report by the clerk, or an application may be made to the court and opportunity given for hearing of any motions which the court may entertain.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 365, 366; Dec. Dig. § 201.*]

2. COURTS (§§ 339, 356*)—ENTRY OF JUDGMENT—FEDERAL COURTS.

> Where an action at law in a federal court is referred, the state practice may be followed in conducting the reference if so stipulated, but the entry of judgment and the hearing on appeal or writ of error will be controlled by the federal statutes and practice in federal courts.
>
> [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 914, 937; Dec. Dig. §§ 339, 356.*]

3. COURTS (§ 406*)—REFERENCE.

> A reference to hear and determine on consent is no more than an arbitration or submission by agreement of a statement of facts as found by the referee on which the circuit court is asked to enter judgment, so

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, in the event of such reference, the referee's findings as to the facts are conclusive on appeal on review of the referee's determination.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1108; Dec. Dig. § 406.*]

**4. COURTS (§ 356*)—MOTION FOR NEW TRIAL.**

Where an action at law in a federal court is referred to a referee to hear and determine under a stipulation of the parties, no application for a new trial need be made to the referee or to the court, unless the referee has made some decision which the defeated party thinks may be changed if brought to the referee's attention; the referee's findings and decision being reviewable to the same extent whether such motion is made or not.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

**5. JUDGMENT (§ 201*)—EXTENSION—ENTRY OF JUDGMENT.**

The authority of a federal court to extend its terms in order to protect the rights of litigants and its authority over its clerk and judgments is sufficient to cover the actual entry thereof, even though the court exercises no discretion beyond ordering the judgment to be formally entered by the clerk in the way decided by the referee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 365, 366; Dec. Dig. § 201.*]

**6. COURTS (§ 356*)—STENOGRAPHER'S MINUTES—REFERENCE—FILING—JUDGMENT ROLL.**

Where an action has been heard and determined by a referee and judgment entered, the defeated party is entitled to have the stenographer's minutes of the reference filed so as to be available for any proper purpose; the fees for the taking of the testimony having been paid, but a motion to have the stenographer's minutes made a part of the judgment roll would be denied unless the fees were advanced therefor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

**7. JUDGMENT (§ 359*)—VACATION—ENTRY.**

Where plaintiff had actual notice and was present at the entry of judgment by the clerk on a referee's report, plaintiff was not entitled to have the judgment opened on the ground that he did not have proper notice of the application.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 697; Dec. Dig. § 359.*]

**8. REFERENCE (§ 107*)—JUDGMENT ON REFEREE'S REPORT—MOTION FOR NEW TRIAL—REVIEW.**

Where judgment has been entered on a referee's report, a motion for a new trial made to the referee is unavailable, and the denial thereof is not reviewable; his conclusion on his view of the facts being reviewable in itself.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 207–210; Dec. Dig. § 107.*]

**9. COURTS (§§ 353, 356*)—REVIEW.**

A judgment having been entered on a referee's report, no motion for a new trial could be granted by the court which has nothing to do with conclusions of the referee, except to see that a proper judgment is entered on his findings, nor would the denial of such a motion for a new trial be subject to review.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 933, 937; Dec. Dig. §§ 353, 356.*]

**10. REFERENCE (§ 103*)—REFEREE'S FINDINGS—REVIEW.**

Where an action at law was sent to a referee for hearing and determination, pursuant to a stipulation, if the court should not accept the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

referee's findings and conclusions, it would then order a trial unless a new stipulation was filed.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 188–203; Dec. Dig. § 103.*]

11. REFERENCE (§ 107*)—FINDINGS—MOTION FOR NEW TRIAL—CASE AND EXCEPTIONS.

Where a case is tried before a referee, a motion for a new trial on a case and exceptions as indicated in the rule of 1877 need not be made to the referee, and was not within the jurisdiction of the court unless by consent, since no such appeal is provided for by law.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 207–210; Dec. Dig. § 107.*]

12. REFERENCE (§ 107*)—FINDINGS—BILL AND EXCEPTIONS.

Where a case has been heard and determined by a referee, a hearing presented on bill and exceptions provided by Rev. St. § 700 (U. S. Comp. St. 1901, p. 570), in cases tried by a jury or by the court without a jury, is unavailable.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 207–210; Dec. Dig. § 107.*]

13. COURTS (§ 356*)—JUDGMENT ON REFEREE'S FINDINGS—REVIEW.

Where an action at law is submitted to a referee for hearing and determination, and judgment is entered on the referee's findings, the defeated party can secure a review by writ of error only on the facts as found by the referee and as applied in the judgment on conclusions of law by the referee adopted by the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

At Law. Action by Thomas P. Alder against William Edenborn. On motion to set aside a judgment entered on a referee's report. Denied.

Strong, Smith & Strong, of New York City, for plaintiff.
Martin W. Littleton, of New York City, for defendant.

CHATFIELD, District Judge. This is an action at law, in which this court, in 163 Fed. 655, held that the original complaint outlined a cause of action in equity, while purporting to be a case at law and praying for damages at law. Demurrer was therefore sustained. An amended complaint, setting up a cause of action at law (based upon a rescission by the plaintiff of the contract named), was subsequently held sufficient.

[1] The issue thus framed was sent to a referee by stipulation in writing, signed by both parties and filed. This stipulation named the referee and consented to a determination by him of the issues. Upon his report, a judgment might have been entered directly by the clerk, with the implied order of the court (Hecker v. Fowler, 2 Wall. 123, 17 L. Ed. 759), or application might have been made to the court and opportunity given for the hearing of any motions which the court might entertain.

[2] It is evident from the decision in Roberts v. Benjamin, 124 U. S. 64, 8 Sup. Ct. 393, 31 L. Ed. 334, and Fourth National Bank of Chicago v. Neyhardt, 13 Blatchf. 393, Fed. Cas. No. 4,991, that, although the state practice in conducting the reference may be fol-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lowed if stipulation be made, nevertheless the rules as to the entry of judgment and of hearing upon appeal or by writ of error will still be controlled by the United States Statutes and the practice of the United States courts.

[3] A reference to hear and determine upon consent is no more than an arbitration or submission by agreement of a statement of facts as found by the referee, upon which the Circuit Court is asked to enter judgment. If the trial had been before a jury or upon written stipulation by the court without a jury, then, under section 649 and section 700 (U. S. Comp. St. 1901, pp. 525, 570), the court's ruling on evidence and the sufficiency of its findings to support the judgment are reviewable upon writ of error. But if the parties consent to a determination of the facts in a different manner, and judgment is entered upon a determination of law based upon the admitted facts, then a review of the decision can raise only its correctness in law, and will not question the rulings on evidence nor the findings of fact.

In the present case the referee has reported certain findings of fact and conclusions of law. He has refused to find a fraudulent intent to commit larceny on the part of the defendant, but has found that he did certain things with knowledge such that his acts were in fraud of the plaintiff's rights. He has intimated in his opinion that some of the statements of this court, in determining the original demurrer, might be understood in a sense contradictory to the order entered after determination of that demurrer, and, perhaps, contradictory to the referee's own ideas as to what is the law in such cases, or to his understanding of the decision in Heckscher v. Edenborn, 203 N. Y. 210, 96 N. E. 441. This court does not know wherein this confusion has arisen, for the findings of the referee and the decision seem to be in entire accord with the court's idea of the case from the outset. If the court did not express itself clearly, and the parties do not agree as to its meaning, it seems to be because the defendant does not wish to admit that such a cause of action can exist, and because the plaintiff has continuously insisted that his original pleading stated the intended cause of action, even though he finally amended it so as to obey the court's direction.

[4] No application was made to the referee, after his findings of fact were signed, for a new trial. Such application was entirely unnecessary unless the referee had made some decision which the defendant thought would be changed if brought to his attention, for his decision and findings would be reviewable to the same extent, whether or not such a motion had been made. Nor was any motion made to the court for a new trial. This occurred either through inadvertence, or upon the theory that such a motion was unnecessary. The clerk of the court, after waiting the ten days provided for by the order of reference, and by a rule adopted in the different districts of this circuit in 1877, proceeded to enter judgment, in the presence of the attorneys for both parties, and upon the theory that the clerk had the right to enter such judgment without direction by the court. The Circuit Court and its rules specifically went

out of existence upon the 1st day of January, 1912. The rules of the former Circuit Court are followed, in a general way, in cases which would previously have been conducted in the Circuit Court, but the particular rule in question was previously called to the court's attention in this present case, and the court understood that the clerk was to enter no judgment in the case except by express direction.

[5] The authority of the court to extend its terms and the necessity to keep the term of court open to take security upon the allowance of writs of error and to protect the rights of the litigants indicate that the court's control over its clerk, and over its judgments, is sufficient to cover the actual entry thereof, even though the court exercises no discretion beyond ordering the judgment to be formally entered by the clerk in the way decided by the referee. Kilduff v. John A. Roebling's Sons Co. (C. C.) 150 Fed. 240.

[6] The defendant wishes to appeal, and has made a motion to compel the plaintiff's attorney to file the stenographer's minutes of the reference, and to have them made a part of the judgment roll as well. It appears that these minutes are in the possession of the referee, and the motion should be granted to the extent of providing that the referee shall report them to this court for filing; the bill for taking them having been paid. But the motion to make them a part of the judgment roll should be denied, unless the defendant wishes to advance the fees therefor. The minutes should be available for any proper purpose, but need not, in this case, be made a part of the judgment roll itself, any more than they would have been in the case of a verdict by a jury.

[7] The plaintiff has also made a motion to reopen the judgment upon the ground that he did not have proper notice of the application to the clerk to enter the same, and proper notice of the filing of the referee's report. It appears that he had actual notice and was present at the entry of judgment, and this motion, therefore, cannot be granted upon that ground. But inasmuch as misunderstanding has existed, and inasmuch as the defendant has, through inadvertence of the attorney's clerk in charge of the case, failed to apply for any relief whatever prior to the entry of judgment, it seems to the court to be fair to set aside the judgment, and to consider any motion which he may make.

[8] No motion for a new trial before the referee can now avail, and his denial of the motion for such new trial would not be reviewable. His conclusion, upon his view of the facts, is reviewable in itself, and can be tested upon the record as it exists. United States v. Ramsey (C. C.) 158 Fed. 488.

[9] No motion for a new trial can be granted by the court as no trial has been had, and as the court has nothing to do with the conclusions of the referee, except to see that a proper judgment is entered upon his findings. Roberts v. Benjamin, supra; Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573, 32 L. Ed. 989. Nor would a denial of motion for new trial be reviewable. Gizzi v. Pittsburg & L. E. R. Co., 158 Fed. 410, 85 C. C. A. 520; Newcomb v. Wood,

97 U. S. 581, 24 L. Ed. 1085. In the present case, inasmuch as the court entirely agrees with the conclusions and findings of the referee, the result may be the same as if the judgment were allowed to stand, but the defendant is entitled to the pro forma decision by the court under the circumstances. Atlantic Trust Co. v. Osgood (C. C.) 155 Fed. 700.

[10] If the court should not accept the referee's findings and conclusions, then it would have to order a trial, unless a new stipulation were filed. United States v. Ramsey, supra.

[11] The motion for a new trial on "case and exceptions," as indicated in the rule of 1877, need not be made to the referee, and does not seem to be within the jurisdiction of this court, unless by consent, for no such appeal is provided by law.

[12] A hearing, presented on bill and exceptions, under section 700 of the Revised Statutes, could not be had where there has been no trial by jury or by the court without a jury. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Shipman v. Straitsville Central Mining Co., 158 U. S. 356, 15 Sup. Ct. 886, 39 L. Ed. 1015. If the rule adopted in this district in 1877 avail anything, it must be for the reason that the provisions of the rule were contemplated as a part of the stipulation, and that the state practice is thereby in part adopted; but, if the rule be not followed or taken advantage of, this court cannot see how the parties' rights have been affected by its existence. United States v. Ramsey, supra. This court does not consider that such a method of review should be attempted by this court. The only remedy which the court would have would be to put the case down for trial, and try it anew, and this would be contrary, in spirit and in terms, to the provisions of the New York laws, which are, to some extent at least, applicable, and also contrary to the court's idea of the respect which should be paid to the stipulation made by the parties in the action.

[13] Hence, the defendant is in the position of the litigants in Roberts v. Benjamin, supra, Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835, and Parker v. Ogdensburgh & L. C. R. Co., 79 Fed. 817, 25 C. C. A. 205, and can appeal by writ of error only upon the facts as found by the referee, and as applied in a judgment entered in accordance with those facts, upon conclusions of law by the referee, which will be adopted by the court. The judgment directed by the referee will be entered, unless the judgment is shown to be inconsistent with his conclusions of law. The term of court has already been extended, and, upon vacation of the judgment heretofore entered, any motion of the defendant for leave to file a bill of exceptions, or for action with reference to the report of the referee, may be submitted.

But, as the court understands the matter at present, such motion will be denied and a new judgment ordered upon proper application.