STEEL et al. v. LORD.

(Circuit Court of Appeals, Second Circuit. April 4, 1899.)

No. 114.

PROCEEDINGS IN ERROR — SCOPE OF REVIEW — FAILURE TO WAIVE JURY IN WRITING.

Unless there is a written waiver of trial by jury in an action at law in a circuit court, Rev. St. §§ 649, 700, do not apply; and where findings made by a referee are ordered to stand as the findings of the court, the only question that can be reviewed by an appellate court is the sufficiency of the findings to support the judgment.

In Error to the Circuit Court of the United States for the Southern District of New York.

James F. Kilbreth, for plaintiffs in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. Frank J. Lord, of the city of New York, brought an action at law in the supreme court of the state of New York against the members of the firm of Steel, Young & Co., of London, England, which was removed to the United States circuit court for the Southern district of New York. The plaintiff subsequently died, and the cause was revived in the name of Louise MacFarland Lord, as his executrix. In pursuance of a stipulation between the parties, it was ordered by the circuit court that the "action be, and the same is hereby, referred to Hamilton Odell, Esq., as referee to hear and determine." The case was heard by the referee, who made a finding of facts, which were made the findings of the court; and judgment was entered for the plaintiffs in accordance with the amounts as found by the referee.

The assignment of errors contains exceptions to the referee's various findings of fact, and to his rulings in regard to the admission of testimony, but contains no assignment that there was error in the judgment upon the facts as found. The rule of the supreme court in Shipman v. Mining Co., 158 U. S. 356, 15 Sup. Ct. 886, is precisely applicable to this case:

"As the court in its judgment ordered his [the referee's] findings to stand as the findings of the court, the only question before this court is whether the facts found by the referee sustain the judgment. As the case was not tried by the circuit court upon a waiver in writing of a trial by jury, the court cannot review exceptions to the admission or exclusion of evidence, or to findings of fact by the referee, or to his refusal to find facts as requested."

The cases of Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, and Paine v. Railroad Co., 118 U. S. 152, 6 Sup. Ct. 1019, are to the same effect.

The earlier case of Boogher v. Insurance Co., 103 U. S. 90, to which attention is called by the plaintiff in error, contains nothing which is not in harmony with these decisions. The court found that it sufficiently appeared that a written stipulation of the waiver of a jury had been filed, and held that, therefore, the provisions of sections 649 and 700 of the Revised Statutes were applicable, and that, in addition to the question whether the facts found were sufficient to support the judgment, the appellate court could pass upon the rulings of the trial court, in the progress of the trial before it, which were presented by a bill of exceptions, but that exceptions to the sufficiency of the evidence before the referee to support the findings could not be re-examined. The judgment is affirmed.