HUDSON RIVER PULP & PAPER CO. v. H. H. WARNER & CO., Limited.

(Circuit Court of Appeals, Second Circuit. January 5, 1900.)

No. 71.

1. APPEAL—REVIEW—CAUSE TRIED BEFORE REFEREE.

Where the trial of an action at law is had before a referee, with instructions to report the testimony, with findings of fact, to the court, and the court subsequently makes the findings of fact its own, and renders judgment thereon, the only question which can be reviewed on a writ of error is whether the facts found sustain the judgment.

2. SAME—FINDINGS OF FACT—FOREIGN LAWS.

The law of a foreign country being required to be proved as a fact in the courts of this country, a finding by a referee as to such law is a finding of fact, not subject to review as a question of law.

3. FOREIGN CORPORATIONS—RIGHTS OF AMERICAN STOCKHOLDERS—LAWS GOVERNING.

A citizen of the United States who becomes a stockholder in a foreign corporation holds his stock subject to the laws and policy of the country of the corporation's domicile, and where, by an amendment of its by-laws, the corporation acquires a lien which, under the laws of the country, is paramount to the lien of a previous pledgee, the priority of such lien must be recognized by the courts of the United States.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is a writ of error to the circuit court, Southern district of New York, to review a judgment entered upon the confirmation of report of a referee dismissing the complaint. The plaintiff in error was plaintiff below. The cause being at issue on the law side of the court, a stipulation was entered into waiving the intervention of a jury, and consenting that judgment might be entered upon the report of the referee with the same force and effect as upon a hearing and decision of the court, requiring the referee to make special findings of law and fact, and to return all the evidence introduced before him, which evidence should thereby become part of the report, and providing that said report should be subject to like exceptions as other reports of referees, and should, when adopted by the court, have the same force and effect, and should be deemed findings of the court. The order of reference conformed to the stipulation. The referee, having heard the cause, duly filed a report containing certain findings of fact, and a conclusion of law therefrom that defendant was entitled to judgment dismissing the complaint on the merits. Thereafter defendant applied to the circuit court for judgment upon said report. The court ordered that "the findings of fact of the referee be, and the same are hereby, adopted as and for the findings of this court"; and further found, as a conclusion of the law, that defendant was entitled to judgment, and adjudged that defendant have judgment dismissing the judgment. This judgment recited the procedure in the cause already set forth, concluding with the statement, "this action and the issues therein having been tried by the court without the intervention of a jury." This is a manifest error, the cause was not tried by the court, and it must be presumed that the statement was not eliminated by the judge from the decree he signed, solely because his attention was not called to it.

Louis Marshall, for plaintiff in error.

David Willcox, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the refusal of defendant, an

English corporation, to transfer to the name of the plaintiff upon its books 500 shares of stock. This stock had been issued to Hulbert H. Warner, in whose name it stood on the books of the company, and who held certificate therefor. He became indebted to plaintiff in 1891, and assigned this stock as collateral, and subsequently, being unable to pay his debt, made his conveyance absolute. At the time Warner pledged his stock, and for two years thereafter, the articles of association of the defendant provided, in the case of shares not fully paid up, that the directors might refuse to register a transfer by a member against whom the company had an unsatisfied claim, and that the company should have a first and paramount lien upon such shares, registered in the name of any member for any debt due by him to the company. The instrument of transfer executed by Warner, and the certificate representing said shares, were not presented to defendant by plaintiff, nor was a transfer of said shares demanded until subsequent to June 1, 1893, nor did defendant receive until subsequent to that date any notice that plaintiff had or claimed to have any interest in said shares. Meanwhile, and on May 15, 1893, defendant amended its articles of association so as to give it a paramount lien against a stockholder's shares for any indebtedness from him to the company, whether the shares were or were not fully paid up. During all the times mentioned in the complaint Warner was indebted to defendant in the sum of over $200,000, which is greatly in excess of the value of the 500 shares.

The writ of error presents little for the consideration of this court, since the trial was had before a referee. The supreme court in Shipman v. Mining Co., 158 U. S. 361, 15 Sup. Ct. 887, 39 L. Ed. 1016, which sanctions the practice of sending a cause to a referee, with instructions to report the testimony, with the findings of fact and of law, to the court, indicates the functions of the reviewing court in these words:

"As the court in its judgment ordered his findings to stand as the findings of the court, the only questions before this court are whether the facts found by the referee sustain the judgment. As the case was not tried by the circuit court upon a waiver in writing of a trial by jury, this court cannot review exceptions to the admission or exclusion of evidence, or to findings of fact by the referee, or to his refusal to find facts as requested."

See, also, two recent decisions of this court. Railroad Co. v. Clark, 35 C. C. A. 120, 92 Fed. 971, 983, and Steel v. Lord, 35 C. C. A. 555, 93 Fed. 728.

The first 29 assignments of error present exceptions to the admission of evidence, which cannot be reviewed here. The referee was called upon to find, and did find, what provisions of English statutes were in force, and what was the law of England, at the several dates with which the case is concerned, touching the power of corporations created under English statutes to amend their articles of association, and to refuse to register transfers of stock, and what liens were or were not created under English law by transactions such as took place in this case, and what were the relative priorities of such liens under the same law. It is elementary law

that our courts do not take notice of foreign law, unless it be proved as a fact in the case. Talbot v. Seeman, 1 Cranch, 38, 52 L. Ed. 15; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 446, 9 Sup. Ct. 469, 32 L. Ed. 788. The findings of the referee, therefore, as to English law, statute or common, are findings of fact not reviewable here. This disposes of the 30th, 32d, 33d, 36th, and 37th assignments of error. The 31st assignment covers an exception to a finding of the referee that upon May 15, 1893, the defendant amended its articles of association in certain specified particulars. This was either purely a question of fact, or if it were a mixed question, depending in part upon a determination as to what procedure would, under English law, affect an amendment, the finding was nevertheless a finding of fact. Findings by the referee as to the state of the account between Warner and defendant on certain specified days, and as to what agreement was entered into between them on or about November 20, 1890, are made the subject of the 34th and 35th assignments of error. They are manifestly findings of fact.

The remaining assignments of error present, in varying forms of words, an exception to the conclusion of law which the referee and the court drew from the facts found. These assignments fully present the question whether the findings warrant the conclusion, but that question is no longer an open one in this court. It being established that under the law of England, upon the facts set forth above, the defendant, by its amendment of May 15, 1893, would secure a lien upon the shares paramount to the one which plaintiff had obtained two years before, we are constrained, by the decision of the supreme court in Railway Co. v. Gebhard, 109 U. S. 527, 3 Sup. Ct. 363, 27 L. Ed. 1020, to hold that the plaintiff here was not entitled to recover. The judgment is affirmed.