### GRANT v. NATIONAL BANK OF AUBURN.

#### (District Court, N. D. New York. April 3, 1915.)

1. APPEAL AND ERROR ⬤➞1022—SCOPE OF REVIEW.

On appeal from a judgment entered on the report of a referee, pursuant to a stipulation of the parties referring the case to the referee and providing that judgment might be entered upon his report by the clerk, the question whether the findings of the referee support the judgment is reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. ⬤➞1022.]

2. JUDGMENT ⬤➞345—ON REPORT OF REFEREE—SETTING ASIDE.

Where the parties voluntarily stipulated that a cause should be referred to a referee to hear, try, and determine, and that judgment might be entered on his report by the clerk without further notice, while it was extremely doubtful whether any application to the court for judgment was necessary, or whether the court had any power to open or vacate the judgment, where defendant thought the matter should be presented to the court before entry of judgment, and that it would lose substantial rights on appeal if this was not done, the judgment would be vacated to enable defendant to present such motions and applications as it might be advised were essential and necessary; plaintiff having the right to test the power of the court to do so on any appeal that might be taken.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 674–676; Dec. Dig. ⬤➞345.]

---

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by J. Lewis Grant, as trustee in bankruptcy of the Cayuga Construction Company, against the National Bank of Auburn. On motion by defendant to vacate a judgment for plaintiff. Motion granted.

See, also, 197 Fed. 581.

This is a motion by the defendant to open, vacate, and set aside the judgment entered herein in favor of the plaintiff and against the defendant on the report and findings of a referee, without application to the court, pursuant to the stipulation of the parties that the cause be referred to the referee named to hear, try, and determine, and that judgment be .entered on such report pursuant thereto. This stipulation was followed by an order duly entered in accordance therewith.

G. Earl Treat and Hull Greenfield, both of Auburn, N. Y., for plaintiff.

Chas. I. Avery, of Auburn, N. Y., for defendant.

RAY, District Judge. As the judgment in favor of the plaintiff and against the defendant was entered pursuant to the terms of the stipulation and order by which it was referred to a referee to hear and determine, and further provided that "upon filing his report judgment may be entered by the clerk in conformity therewith without further notice," I seriously doubt the right or power of this court to open or vacate or set aside the judgment in this case. On filing the referee's report and decision, judgment was entered by the clerk without application to the court and at the request of defendant's attorney, and certain provisions as to proof of claim before the referee in bankruptcy were inserted therein. This was for the benefit of the defendant and at its request. The action was to recover a preference.

[1] From the judgment so entered the defendant can of course appeal, and such appeal will bring up in the Circuit Court of Appeals the question whether or not the findings of the referee support the judgment. Steel et al. v. Lord, 93 Fed. 728, 35 C. C. A. 555; Parker et al. v. Ogdensburgh & L. C. R. Co., 79 Fed. 817, 25 C. C. A. 205; Chicago, M. & St. Paul Railway Co. v. Clark, 92 Fed. 968, 35 C. C. A. 120; Hudson River Pulp & Paper Co. v. H. H. Warner & Co., 99 Fed. 187, 39 C. C. A. 452; David Lupton's Sons v. Automobile Club of America, 225 U. S. 489, 494, 495, 32 Sup. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699.

In Hudson River, etc., Co. v. Warner, supra, the case was referred to a referee, with instructions to report the testimony with findings of fact. This was done, and the court subsequently made the findings of fact its own and rendered judgment thereon. The Circuit Court of Appeals in this circuit held that the only question which could be reviewed on a writ of error was whether the facts found sustained the judgment.

In Chicago, etc., Co. v. Clark, supra, the action was tried before a referee by stipulation of the parties, and it was held that only those assignments of error could be considered which presented the question whether upon the facts found by the referee the judgment was

GRANT V. NATIONAL BANK OF AUBURN

GRANT V. NATIONAL BANK OF AUBURN

wrong. Wallace, J., in his concurring opinion in the Circuit Court of Appeals, cited in support of this holding Roberts v. Benjamin, 124 U. S. 64, 8 Sup. Ct. 393, 31 L. Ed. 334, and Shipman v. Mining Co., 158 U. S. 356, 15 Sup. Ct. 886, 39 L. Ed. 1015.

In Parker et al. v. Ogdensburgh, etc., Co., supra, it was held that:

"A judgment of the Circuit Court, entered upon the report of a referee to hear, try, and determine, may be reviewed on writ of error in respect to rulings and decisions in matter of law after the filing of the referee's report, including the action of the court upon a motion to strike out a notice of termination of the reference, which it had reserved until the filing of the report."

In Steel et al. v. Lord, supra, it was held that, where findings made by the referee are ordered to stand as the findings of the court, the only question that can be reviewed by an appellate court is the sufficiency of the findings to support the judgment.

In Shipman v. Mining Co., 158 U. S. 356, 15 Sup. Ct. 886, 39 L. Ed. 1015, it was held that:

"As the case was not tried by the Circuit Court upon a waiver in writing of a trial by jury, this court cannot review exceptions to the admission or exclusion of evidence, or to findings of fact by the referee, or to his refusal to find facts as requested."

See, also, Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835, and Paine v. Railroad Co., 118 U. S. 152, 6 Sup. Ct. 1019, 30 L. Ed. 193.

[2] In this case the parties voluntarily and without suggestion from the court stipulated that the cause should be referred to a referee named to hear, try, and determine, and that on his report without further notice a judgment should be entered in accordance to his findings. No application was made to the court, and in view of this stipulation, which this court cannot modify or change, it is extremely doubtful whether or not any application to the court was necessary.

However, as the defendant thinks the matter should be presented to the court before entry of judgment, and that it will lose substantial rights on appeal if this is not done, in order that defendant may save all rights and not be prejudiced by the entry of judgment without notice and without an opportunity to bring the matter before the court and make such motions as it deems necessary and essential, the court will open, set aside, and vacate the judgment entered, to enable the defendant to present such motions and applications as it may be advised are essential and necessary. This is but fair in any event, and the plaintiff can test the power of the court so to do on any appeal that may be taken in the case.

There will be an order accordingly.