### UNITED STATES v. ONE DIAMOND NECKLACE.

(Circuit Court of Appeals, Second Circuit. June 2, 1920.)

No. 174.

1. Appeal and error ☞1008(1)—Finding by court conclusive on appellate court.

    A general finding of facts by the court in a case tried without a jury is binding on the appellate court.

2. Trial ☞388(2)—Trial to court; special findings discretionary.

    In a case tried to the court by stipulation under Rev. St. § 649 (Comp. St. § 1587), it is entirely for the discretion of the court whether to make special findings of fact.

In Error to the District Court of the United States for the Southern District of New York.

Libel by the United States against One Diamond Necklace, containing 57 stones. Judgment for claimant and libelant brings error. Affirmed.

Francis G. Caffey, U. S. Atty., of New York City (John E. Walker, Sp. Asst. Atty., of New York City, of counsel), for the United States.

Gerry & Wakefield, of New York City (Carl E. Whitney, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a libel of information for forfeiture of a diamond necklace, of the value of $5,600 or thereabouts, first, under section 2802, Rev. Stat. (Comp. St. § 5499); second, under section 3, subdivisions H and T, of the Tariff Act of October 3, 1913 (Comp. St. §§ 5526, 5791). Two claimants appeared, viz. Madame de Ocon and Madame de Yglesias. A trial by jury was waived in writing, and the issues of fact and law submitted to the court, who entered a general judgment dismissing the libel and awarding the necklace to the claimant Ocon. The government took this writ of error.

March 28, 1919, at the close of the case, the following stipulation was entered of record:

"Decision reserved; briefs to be submitted, the evidence to be written out, and both sides to submit briefs. The court is to render its decision and send the decision to New York to be entered as of to-day. The record is to show that the defeated party is to have the right to enter exceptions, and such length of time as he may require to file a bill of exceptions; the judgment to be entered as of this date."

December 12, 1919, the judge signed a bill of exceptions and entered a judgment, dismissing the government's libel and directing the return of the necklace to Madame de Ocon. The assignments of error were as follows:

"1. The court erred in denying the motion of the United States for judgment in its favor for condemnation of the diamond necklace, and in granting the motion of the claimant De Ocon for judgment in her favor.

"2. The court erred in denying the application of the United States to rule upon specific requests for findings on the facts and on the law."

[1] No exception was taken by the government to the dismissal of the libel, so that no question of law is raised before us, and the general finding of the court upon the facts is binding upon us.

[2] As to the second assignment of error, the government applied to the judge to make special findings of fact and conclusions of law after the judgment was entered. It is a matter entirely for the discretion of the court whether to make special findings of fact. The cases are collected in Joline v. Metropolitan Securities Co. (C. C.) 164 Fed. 650.

The judgment is affirmed.