### COMPANIA TRANSCONTINENTAL DE PETROLEO, S. A., v. MEXICAN GULF OIL CO. et al.

(Circuit Court of Appeals, Second Circuit. June 18, 1923.)

No. 168.

**I. Appeal and error ⬡969—Trial ⬡395(3)—Court has discretion to make general or special findings of fact.**

Where an action at law is tried to the court pursuant to Rev. St. § 649 (Comp. St. § 1587), it is within the discretion of the court to make either general or special findings of fact, and such discretion is not reviewable.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Appeal and error** ⬡⟿850(2)—**General finding of facts by court not reviewable.**

Where, in an action tried to the court after waiver of jury trial, it has not made special findings of fact, but by its judgment has in effect made a general finding of fact, the only question left open on review in respect of the facts is whether it is without any evidence to support it.

3. **Trial** ⬡⟿404(2)—**Finding of law may be in effect a finding of fact.**

A finding of law by the court, in a case tried without a jury may involve, and be construed and treated as, a finding of fact.

4. **Appeal and error** ⬡⟿842(2)—**Finding as to foreign law by trial court not reviewable.**

Where the trial court in an action tried without a jury has made a finding as to the law of a foreign country applicable to the case, on the testimony of expert witnesses such finding is one of fact, and is not reviewable on writ of error.

5. **Courts** ⬡⟿7—**Action may be maintained in court of United States for conversion of oil in foreign country.**

Under the law of Vera Cruz, Mexico, as found by the trial court, by which the party to whom the owner of land has given the exclusive right to take oil therefrom is the owner of oil taken therefrom by another, and which treats such oil as personal property, he may maintain an action for its conversion, and such action, being transitory, may be brought in a court of the United States.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Mexican Gulf Oil Company and the International Petroleum Company against the Compania Transcontinental de Petroleo, S. A. Judgment for plaintiffs, and defendant brings error. Affirmed.

For opinion below, see 281 Fed. 148.

Writ of error to a judgment for $1,472,093.75 in favor of defendants in error against plaintiff in error. The parties will be referred to as aligned below. The cause was at law, and was tried before Judge Ward without a jury. The action was brought to recover damages for taking some 6,000,000 barrels of oil out of a part of lot 163 in the canton of Tuxpan, state of Vera Cruz, Mexico, upon which plaintiffs claimed the exclusive right to explore for oil.

The complaint, as exemplified by its counts, was framed upon the theory that plaintiffs could maintain an action akin to the common-law action of trover for the conversion of the oil as their property or an action akin to the common-law action of trespass on the case for injury to their exclusive right to explore for oil. The court passed upon each and every proposed finding of law submitted by each side—23 by plaintiffs and 127 by defendant—and rendered its decision sustaining the first count of the complaint and thereupon entered the judgment supra upon its findings.

Chester O. Swain, of New York City (Richard V. Lindabury, of Newark, N. J., Carl Kincaid, of Tampico, Mexico, and J. Edward Ashmead, of Newark, N. J., of counsel), for plaintiff in error.

Parker, Marshall, Miller & Auchincloss and White & Case, all of New York City (R. L. Batts, of Pittsburgh, Pa., G. Carroll Todd, of Washington, D. C., Tom J. Lee, of Tampico, Mexico, H. L. Stone, Jr., of Pittsburgh, Pa., and H. Snowden Marshall, of New York City, of counsel), for defendants in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, Circuit Judge (after stating the facts as above). [1] This cause, difficult below in most of its aspects, comes here greatly simplified; this, because (1) the learned District Court has filed a comprehensive decision carefully and clearly discussing every essential question in controversy, and (2) because on writ of error few questions survive here. The District Court did not make special findings of fact, and in taking this course it acted within its unreviewable discretion. Dirst v. Morris, 14 Wall. 484, 490, 20 L. Ed. 722; Berwind-White Coal Min. Co. v. Martin, 124 Fed. 313, 60 C. C. A. 27; Joline et al. v. Metropolitan Securities Co. (C. C.) 164 Fed. 650; U. S. v. One Diamond Necklace (C. C. A.) 267 Fed. 696; U. S. v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1, 4.

[2] Many of the requests below for findings of law were really requests for findings of fact; but in any event, where, as here, the court has not made special findings of fact and has specifically ruled only on questions of law, and by its judgment has in effect made a general finding of fact, the only question left open on review in respect of the facts is whether the judgment is without any evidence to support it. As recently stated in Vicksburg, etc., Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, at page 415, 41 Sup. Ct. 524, 527 (65 L. Ed. 1020):

"There being no special findings of fact by the court, its general finding has the effect of a verdict of a jury (Rev. Stats. § 649 [Comp. St. § 1587]), is conclusive upon all matters of fact. * * *"

See, also, St. Louis v. Western Union Telegraph Co., 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044; Vicksburg, etc., Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 41 Sup. Ct. 524, 65 L. Ed. 1020; Humphreys v. Third Nat. Bank, 75 Fed. 852, 21 C. C. A. 538; Joline v. Metropolitan Securities Co., supra.

To the foregoing rule, Treat v. Farmers' Loan & Trust Co., 185 Fed. 760, 108 C. C. A. 98, is not an exception. In that case the cause was submitted upon agreed statements of fact, and the court pointed out that the questions involved were entirely of law, and that questions of law could be raised by requests to find. In other words, there was no dispute as to the facts, and the sole inquiry in the appellate court was in respect of the questions of law arising out of the facts as found below through the instrumentality of agreed statements.

We have not overlooked the cases, such as Clement v. Insurance Company, 7 Blatchf. 51, Fed. Cas. No. 2,882, Paul v. Delaware, L. & W. R. Co. (C. C.) 130 Fed. 951, 954, and Seep v. Ferris-Haggarty Copper Mining Co., 201 Fed. 893, 120 C. C. A. 191. An analysis of these cases will show that they are not really in conflict with the principle of 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044, and the other cases cited supra; but, in any event, the rule of those cases is applicable here.

[3] Indeed, we could, if necessary, treat many of the findings of law as findings of fact and reach the same result. United States v. Benedict (C. C. A.) 280 Fed. 76, affirmed March 5, 1923, 261 U. S. 294, 43 Sup. Ct. 357, 67 L. Ed. ——; American Concrete Steel Co. v. Hart (C. C. A.) 285 Fed. 322. For instance, in finding in favor of plaintiffs' request IX, the court found:

"The oil extracted from the land in question by defendant  *  *  *  being the property of the plaintiffs.  *  *  *"

This is but another way of stating, inter alia, that the court found as a fact that the oil was the property of plaintiffs.

Coming now to the facts, we refer, for brevity, to the opinion of the District Court, and thus it is necessary to state only the ultimate facts upon which the judgment below rests. Plaintiffs derived exclusive oil rights by grant dated August 23, 1912, from the heirs of one Antonio Fermin Cruz.

Defendant claimed the same rights under a grant from one Cobos, the original owner of the land, to Otonopec Company, dated February 28, 1917. Defendant drilled for and brought to the surface and used for itself upwards of 6,000,000 barrels of oil, and asserted its right so to do under the deed of Cobos and the rights which flowed therefrom. Cobos who was the grantor to Fermin Cruz, was guilty of fraud in refusing to return the deed which he borrowed from Fermin Cruz. This deed was not registered, but the District Court held that, as the consideration was less than 200 pesos, registration was not obligatory under articles 3056 and 3058 of the Civil Code of Vera Cruz, and that the deed of Cobos to Fermin Cruz was good against third parties; i. e., against all the world.

This and other questions of title were decided in favor of plaintiffs, after the court had heard the testimony of experts in respect of the construction and interpretation of the foreign law, and particularly of the applicable sections of the Civil Code of Vera Cruz. After concluding that plaintiffs had the exclusive right to extract oil from the land in question, and that defendant had no right whatever, the next step was to determine plaintiffs' further rights and their remedies. As succinctly stated by Judge Ward:

"A plaintiff's cause of action depends on the law of the place, while his remedies depend upon the law of the forum. Central Vermont Railway Co. v. White, 238 U. S. 507."

[4] The District Court held:

"VIII. Under the Penal Codes of Vera Cruz, also, the party to whom the owner has given the exclusive right to take oil, gas, or other products has a cause of action against a trespasser in such case for the value of the oil, gas, or other products taken by him."

To support this conclusion, the court had before it an expert for plaintiff, T. Esquivel Obregon, a lawyer, former Minister of Finance of Mexico and now professor of Latin-American law at Columbia and New York University, and various provisions of the Vera Cruz Penal Code and Code of Penal Procedure, and the decisions of Mexican courts in Barrera v. Diaz. In such circumstances, this court on writ of error does not independently construe the statutes or law of foreign nations or states.

Beginning with The Amelia, sub nom. Talbot v. Seeman, 1 Cranch, 1 and 38, 2 L. Ed. 15, the law has been as stated by Chief Justice Marshall:

"That the laws of a foreign nation, designed only for the direction of its own affairs, are not to be noticed by the courts of other countries, unless proved as facts,  *  *  *  cannot be questioned."

We had occasion recently in an admiralty case to restate this now settled principle, and to cite some well-known authorities, Taya's Sons Co. of New Orleans v. Compania Arrendataria (C. C. A.) 280 Fed. 825. See, also, Hudson River Pulp & Paper Co. v. Warner, 99 Fed. 187, 188, 39 C. C. A. 452; The Asiatic Prince, 108 Fed. 287, 289, 47 C. C. A. 325. In 10 Ruling Case Law, "Evidence," § 319 (cf. Bank of China v. Morse, 168 N. Y. 458, 61 N. E. 774, 56 L. R. A. 139, 85 Am. St. Rep. 676), it is stated:

"There is some controversy whether the proof of foreign laws should be addressed to the court or the jury. It involves, however, no serious conflict, and depends entirely upon the form in which the foreign law is presented. Although what the foreign law is, is usually denominated a question of fact, yet, when it merely involves the construction of a written statute or the interpretation of judicial opinions, it becomes a question of law."

We need not pause, however, to mark the line between court and jury in a case confronting the trial court, because here, where the construction of Vera Cruz statutes was a controversial question below, which invited the testimony of experts, the judgment of the court determined as a fact (Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; Chicago & Alton R. R. v. Wiggins Ferry Co., 119 U. S. 615, 622, 7 Sup. Ct. 398, 30 L. Ed. 519), that plaintiffs became the owners of the oil on its being reduced to possession and had a cause of action for the value of the oil taken by the trespasser.

[5] Such being the fact for the purposes of this case, the next question is whether a cause of action lies here, and, if so, whether an action for conversion so lies. It is plain that the law of Vera Cruz as found below treats the oil when brought to the surface, not as part of the land, but as personal property separated from it. An action to recover the value of such personal property—here oil—is transitory, and not local. Stone v. United States, 167 U. S. 178, 17 Sup. Ct. 778, 42 L. Ed. 127; Hoy v. Smith, 49 Barb. (N. Y.) 360.

It must be remembered that we are not discussing this phase of the case as if it presented an original question of rights or remedies, although the result would probably be the same. Gratz v. McKee, 270 Fed. 713, 23 A. L. R. 1393, affirmed November 13, 1922 in 260 U. S. 127, 43 Sup. Ct. 16, 67 L. Ed. 167; Hughes v. United Pipe Lines, 119 N. Y. 423, 23 N. E. 1042; Mason v. United States, 260 U. S. 545, 43 Sup. Ct. 200, 67 L. Ed. 396, decided January 2, 1923; Union Petroleum Co. v. Bliven, 72 Pa. 173. We are taking as the fact found below that, in Vera Cruz, plaintiffs were the owners of the oil. From this it follows that plaintiffs were entitled to recover on the first count of the complaint. As said by Judge Ward:

"The intention of section 3339 of the New York Code of Civil Procedure, providing for only one form for civil action, is that any one who has a right can recover for an infraction of his right without a regard to the technicalities which distinguish the forms of actions at common law. Radway v. Duffy, 79 App. Div. 116."

In view of the foregoing, discussion of the second count would be academic.

Judgment affirmed.