## DAY–GORMLEY CO. v. NATIONAL CITY BANK OF NEW YORK.

### No. 344.

Circuit Court of Appeals, Second Circuit.
May 3, 1937.

Borris M. Komar, of New York City, for appellant.

Shearman & Sterling, of New York City (Joseph M. Proskauer, Philip A. Carroll, J. Alvin Van Bergh, and Eugene Eisenmann, all of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complaint in this action, as amended, contained two counts. Each was dismissed at the close of plaintiff's case and the judgment signed by the clerk recited that:

"* * * the parties appearing by counsel and a jury trial having been waived * * * by oral stipulation in open court; and the allegations and proofs on the part of the plaintiff having been fully heard and considered, and the defendant having moved to dismiss the complaint at the end of the plaintiff's case, and the court having delivered its finding and decision orally in open court granting the defendant's said motion to dismiss the complaint, and having ordered that judgment be entered in accordance therewith, * * *

"Now on motion of Shearman & Sterling, attorneys for the defendant, it is,

"Adjudged that the complaint herein be and the same hereby is dismissed on the merits * * *."

It appears not only from the recitals in the judgment, but also from the copy of the record certified by the clerk of the District Court, that the defendant's counsel moved for the dismissal of each cause of action (fols. 672-675) at the close of the plaintiff's case (fol. 671) and that the complaint was "in all respects dismissed" by Judge Moscowitz who presided at the trial. No bill of exceptions was made, settled, or filed at any time, and the papers on appeal indicate that the record itself was stipulated by the parties about one year after judgment and long after the expiration of the term. Because of the absence of a bill of exceptions, the only question before us is whether the judgment might properly have been rendered upon the answer interposed to the complaint.

The plaintiff, however, apparently took its appeal and filed its first brief with no idea that the absence of a bill of exceptions would preclude it from questioning the judgment because of the evidence taken at the trial. Where there is no bill of exceptions it must appear that on the face of the pleadings and the record of the disposition of the action by the court the judgment did not conform to the pleadings, and the disposition of the case by the court could not have been warranted under any possible condition of proof.

The appellant has substantially abandoned any claim that the judgment was not a proper one upon the case presented except for two reasons:

(1) The record contains no formal document embodying a general finding.

(2) The judgment, if justified on any ground, should have been rendered "without prejudice" and not "on the merits."

Neither of the two objections is raised by an assignment of error.

Where an action at law is tried by the court without a jury, it is provided by 28 U.S.C.A. § 773 that: "The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." As there were no special findings, there must be a general finding to support the judgment. If findings of either kind are made, "no bill of exceptions is required, or is necessary, to bring upon the record the findings, whether general or special. They belong to the record as fully as do the verdicts of a jury." Aetna Insurance Co. v. Boon, 95 U.S. 117, 124, 24 L.Ed. 395.

In Reilly v. Beekman, 24 F.(2d) 791, 795, there was no bill of exceptions and we said that: "The record properly open for consideration consists of the writ of error, petition for the writ of error, the citation, assignment of errors, the summons and complaint, the answer, the reply, the extract from the minutes, and the judgment." Such documents, other than "the extract from the minutes," are before us here. While we are assured that the extract could be supplied, if necessary, by a motion in diminution of the record, it can make no difference whether the ordinary extract from the

minutes is furnished or, as here, a certification by the clerk of the minutes of the trial containing the motion to dismiss and the disposition of the case by the judge. In the record before us it appears that at the close of the plaintiff's case the defendant moved to dismiss the complaint followed by the words of the trial judge that: "The complaint is in all respects dismissed" (fol. 703). Likewise the judgment under the hand of the clerk recites that the court "ordered that judgment be entered in accordance with the decision granting the defendant's * * * motion to dismiss the complaint."

It is evident from the foregoing that there was an order of the court dismissing the complaint and an order directing the entry of judgment which amount under the authorities to a general finding that satisfies the requirement of 28 U.S.C.A. § 773. Fleischman Construction Co. v. United States, 270 U.S. 349, 355, 356, 46 S.Ct. 284, 70 L.Ed. 624; Seaboard Terminal & Refrigeration Co. v. Droste, 80 F.(2d) 95, (C.C.A.2); McLaughlin v. Coos Bay Lumber Co., 80 F.(2d) 763 (C.C.A.9); Smith v. Russell, 76 F.(2d) 91 (C.C.A.8); Buechle v. Montgomery, 45 F.(2d) 987 (C.C.A.8); Northern Pacific Railroad Co. v. Standard Coal Co., 23 F.(2d) 656 (C.C.A.8); Aetna Life Insurance Co. v. Board of County Com'rs, 79 F. 575 (C.C.A.8); Campania Trans. dePetroleo v. Mexican Gulf Oil Co., 292 F. 846 (C.C.A.2). In view of the foregoing decisions, there can be no doubt that the court made a general finding sufficient to support the judgment for the defendant. So the judgment recites and the record certified by the clerk proves. If the presumption in favor of its recitals and its regularity is to be met, the appellant has that burden. Instead of sustaining the burden, appellant takes the unusual position that the judgment should be reversed because of the state of the record. If it is defective because of the absence of an extract from the minutes, or the absence of a bill of exceptions, it is so because the party appealing has not prepared it properly. Certainly the technicality of the absence of an extract from the clerk's minutes should not finally determine the rights of the party which has obtained a judgment in its favor. It is quite different from the requirement that there must be a bill of exceptions duly settled by the trial judge within the term in order to review exceptions taken at the trial. That is to prevent long delays and to enable the court to control the making up of the record which in theory is based upon the judge's own minutes. Whether a direction to dismiss the complaint and enter judgment appears in the record, or in an extract from the clerk's minutes, or in a judgment under his hand, seems wholly immaterial.

Finally it is argued that the judgment should not have been entered on the merits. But there is no assignment of error directed to it on this ground, nor is there any showing that the form of judgment was objected to at the time of entry. In Bohenik v. Delaware & Hudson Co., 49 F.(2d) 722, and Orr v. Fireman's Fund Ins. Co., 62 F.(2d) 516, we held that a dismissal at the close of the plaintiff's case in a federal court where the New York procedure prevails at common law is to be deemed a final determination of the case on the merits because of the provisions of section 482 of the New York Civil Practice Act. Section 482 provides that: "A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint * * * at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint * * * at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice."

Section 440 of the New York Civil Practice Act, requiring the filing of a separate document by the trial court termed a "decision" containing findings of fact and conclusions of law, and section 439, requiring the court to pass on "requests to find," do not affect actions in a United States District Court which are governed by 28 U.S.C.A. § 773, providing that the "finding of the court upon the facts * * * may be either general or special." A United States court is not obliged to make special findings even when requested. Ozark Pipe Line Corporation v. Decker, 32 F.(2d) 66 (C.C.A.8); Compania Trans. dePetroleo v. Mexican Gulf Oil Co., 292 F. 846, 848 (C.C.A.2). In the case at bar the finding was general, as we have already stated.

A dismissal or nonsuit merely for failure of proof may, like a directed verdict,

706

be properly made on the merits. National City Bank v. Oelbermann, 298 U.S. 638, 56 S.Ct. 676, 80 L.Ed. 1372; Baltimore & Carolina Line v. Redman, 295 U.S. 654, 661, 55 S. Ct. 890, 79 L.Ed. 1636. The dismissal by the court is to be taken as on the merits because it was granted without any statement that it was without prejudice (fol. 703). Moreover, the judgment recites that the court "ordered" that it should be entered in accordance with the court's decision (fol. 125). The judgment was, therefore, entirely correct in form. Inasmuch as there was no bill of exceptions, the evidence and the exceptions taken during the trial are not open to review by this court and the judgment, conforming as it does to the pleadings, must stand.

Judgment affirmed.